UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

Lance Mitchell,　　　　　　　　　　　)
　　　　　　　　Plaintiff　　　　　)
　　　　　　　　　　　　　　　　　　)
　v.　　　　　　　　　　　　　　　　)　　　Case No. 07-1351
　　　　　　　　　　　　　　　　　　)
Iowa Interstate Railroad Ltd.,　　　　　　)
　　　　　　　　Defendant　　　　　)

**ORDER**

Now before the Court is the motion by Defendant to order a mental examination of the Plaintiff. The motion is granted.

The Court may, "on motion for good cause," order a party whose mental condition is "in controversy" to submit to a mental examination by a licensed examiner. Fed.R.Civ.P. 35(a)(1) and (2). The requirement that there be good cause was discussed in <u>Schlagenhauf v. Holder</u>, 379 U.S. 104 (U.S. 1964). The Court noted:

> The specific requirement of good cause would be meaningless if good cause could be sufficiently established by merely showing that the desired materials are relevant, for the relevancy standard has already been imposed by Rule 26(b). Thus, by adding the words "good cause", the Rules indicate that there must be greater showing of need ... than under the other discovery rules."

<u>Id.</u> at 118, quoting <u>Guilford National Bank of Greensboro v. Southern Ry. Co.</u>, 297 F.2d 921, 924 (4th Cir. 1962).

With respect to the "in controversy" requirement, the <u>Schlagenhauf</u> Court said that a party "who asserts mental or physical injury ... places that mental or physical injury clearly in controversy and provides the defendant with good cause for an examination to determine the existence and extent of such asserted injury." 379 U.S. at 119.

The Schlagenhauf Court went on to emphasize that the requirements of "good cause" and "in controversy" are more than mere formalities. These requirements:

> are not met by mere conclusory allegations of the pleadings-nor by mere relevance to the case-but require an affirmative showing by the movant that each condition as to which the examination is sought is really and genuinely in controversy and that good cause exists for ordering each particular examination. Obviously, what may be good cause for one type of examination may not be so for another. The ability of the movant to obtain the desired information by other means is also relevant."

379 U.S. at 118.

In an oft-cited case, Turner v. Imperial Stores, 161 F.R.D. 89 (S.D.Cal.1995), the Court found that the mere pleading of an emotional injury was not sufficient to place a plaintiff's mental condition in controversy. Id. at 95. Rather, something more was required, and Turner listed five of those possible extra elements: 1) a cause of action for intentional or negligent infliction of emotional distress; 2) an allegation of specific mental or psychiatric injury or disorder; 3) a claim of unusually severe emotional distress; 4) plaintiff's offer of expert testimony to support a claim of emotional distress; and/or 5) plaintiff's concession that his or her mental condition is "in controversy" within the meaning of Rule 35(a). Id.

The District Court in Nolan v. International Broth. of Teamsters Health & Welfare and Pension Funds, Local 705, 199 F.R.D. 272, 275 -276 (N.D.Ill. 2001) discussed Turner and other cases confronting the issue of when a plaintiff's mental health is in controversy. Distinguishing a claim of emotional distress "akin to humiliation and embarrassment" from a claim "more closely related to a psychological condition, injury or disorder," the Nolan Court held that Rule 35 does not allow a mental examination every time a plaintiff claims some damage for emotional distress or mental anguish.. This conclusion, summarized the Nolan Court, was consistent with "the clear

weight of authority" id. at 275, citing Bridges v. Eastman Kodak Co., 850 F.Supp. 216 (S.D.N.Y.1994); Robinson v. Jacksonville Shipyards, Inc., 118 F.R.D. 525 (M.D.Fla.1988); Cody v. Marriott Corp., 103 F.R.D. 421 (D.Mass.1984).

In the case before this Court, the complaint pleads that his injures have caused "great pain, suffering, inconvenience, anguish and disability. More importantly, however, Plaintiff's physical malady, Complex Regional Pain Syndrome ("CRPS"), CRPS is a chronic progressive disease characterized by severe pain, swelling and skin changes, and abnormalities in sensation. These serious symptoms frequently follow a relatively minor injury that appears to have healed normally. Pain persists and often expands to a larger region than the original injury site. This is not a psychiatric disorder.

CRPS, however, is believed by some in the medical field to have a psychological aspect. Defendants have produced some of Mr. Mitchell's medical records, which clearly indicate diagnoses of depression and anxiety, both resulting from the injury and both being treated with medication. In other words, this is not a garden-variety claim for humiliation or embarrassment; there appear to be psychological issues that have been or are being treated by Plaintiff's physicians.

Mitchell argues that Defendant has the burden of showing that CRPS is a "mental affliction." I do not believe the requirement of "in controversy" imposes that high a standard. Where there are psychological implications that go beyond simple embarrassment and where those psychological implications play a real role in the Plaintiff's damages - as they do here, where Plaintiff's overall condition is said to prevent him from returning to work at all - then the mental condition of the Plaintiff is in controversy.

Mitchell also points out that he has already submitted to an independent medical examination by Defendant's medical expert. Defendant has retained physicians and a psychologist to review his medical records and opine about his CRPS. Defendant has deposed Plaintiff at length; the deposition transcript consists of 567 pages of questions and answers. Mitchell's providers have been deposed. The gist of all this is that there is no good cause for an examination in light of all the discovery that has already been done. Mitchell does not assert, however, that the comprehensive psychological testing sought by Defendants would be duplicative of anything previously done, either by his own treater or by a Defendant's expert.

Given the diagnoses and treatment of 2 separate psychological disorders and the possibility that the physical condition involves a psychological component and given that the testing is neither redundant nor invasive, I find that the Defendant has met its burden of showing that Mr. Mitchell's mental condition is in controversy and that there is good cause for a mental examination.

Defendants have identified the psychologist who will conduct the examination, and he is clearly qualified to conduct it. The Court has two concerns.

First, the examination proposed by Defendant is to take place in Champaign, Illinois. Plaintiff resides in Knoxville, Knox County, Illinois, about 2 hours from Champaign. The Court was initially concerned that the trip might be difficult for him. That concern was mitigated, however, by the fact that Plaintiff has taken 3 cruises and by the fact that he has already gone to Champaign once for the medical IME. Travel is not too arduous for him.

Second, a similar concern arose regarding the length of the examination, which defense counsel says may take up to 6 hours. The description of the testing, however, reveals a perfectly routine assessment. No concerns about the length or scope of the testing has been raised by Plaintiff.

Accordingly, the motion for an independent mental examination [#32] is granted, under the terms and conditions stated in the motion. The examination is to take place on one of the three dates proposed in the Motion. Plaintiff is to notify Defense counsel on or before 5:00 p.m. on August 14, 2009, which date is preferred.

ENTERED ON August 5, 2009

s/ John A. Gorman

JOHN A. GORMAN

UNITED STATES MAGISTRATE JUDGE
