UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Lance Mitchell, | ) | |
|         Plaintiff | ) | |
| | ) | |
| v. | ) | Case No. 07-1351 |
| | ) | |
| Iowa Interstate RR Ltd., | ) | |
|         Defendant | ) | |

**ORDER**

The parties have consented to have this case heard to judgment by a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c), and the District Judge has referred the case to me. Now before the Court is the Plaintiff's motion in limine (Doc. #56), asking the Court to bar any evidence of contributory negligence.

Document # 69 was filed as a motion, but it is actually an addendum to motion #56. The Clerk is directed to DENY AS MOOT #69.

Plaintiff points out that the parties have stipulated to liability. See Doc. #25. Under FELA, if employer negligence "played any part, even the slightest, in producing the injury", then liability attaches, and it is immaterial if there is evidence of the employee's contributory negligence. See, McBride v. CSX Transp. Inc., 598 F.3d 388 n.5 (7th Cir. 2010), quoting Rogers v. Missouri Pacific R. Co., 352 U.S. 500, 506 (1957).

Defendant responds that Plaintiff has continuously raised issues of liability in discovery and may attempt to do so at trial. That is not an argument that defeats the motion. Once this Order is entered, both parties must abide by it. Plaintiff's motion is GRANTED.

The Court, however, is concerned with an ambiguity that remains. In rejecting contributory fault, FELA did not reject comparative fault. Section 53 says that "the fact that the employee may

have been guilty of contributory negligence shall not bar a recovery, but the damages shall be diminished by the jury in proportion to the amount of negligence attributable to such employee. 45 U.S.C. §53. See, <u>Norfolk & Western RY. Co. Ayers</u>, 538 U.S. 135, 141 (2003)(FELA does not prevent railroad employers from seeking contribution or indemnity from other tortfeasors under state law, but the railroad's own responsibility is affected only by plaintiff's comparative negligence).

The stipulation and the instant motion and response leave unclear the status of comparative fault issues. The stipulation of the parties reads in pertinent part that "defendant admits liability; the only remaining issues being causation, failure to mitigate damages and damages." In a letter written by Defendant's counsel to Plaintiff's counsel leading up to the stipulation, defense counsel stated "Additionally, IAIS will waive its contributory negligence defense." Doc. #69 Exh. E. This letter goes on to state that the concession should "eliminate the need for further discovery as to inspection of the train/knuckle; [and] as to the issue of mowing or clearing the right of way..."

It appears to the Court that the parties' references to "contributory negligence" must have been intended to include references to comparative fault, and that the intention of the parties - to narrow the issues for trial - included elimination of comparative fault (and not just contributory fault) as a disputed issue. This Order therefore also includes a bar of any argument or evidence solely related to comparative fault.

Of course, this ruling applies both ways. No issue regarding liability is before the jury. <u>Neither party</u> may introduce evidence or testimony, or make assertions of or arguments based on fault or statutory violations or any other fact that is solely related to liability.

ENTERED ON May 25, 2010

          s/ John A. Gorman

       JOHN A. GORMAN
       UNITED STATES MAGISTRATE JUDGE