E-FILED
Tuesday, 25 May, 2010  12:48:10 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Lance Mitchell, | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Case No. 07-1351 |
| | ) | |
| Iowa Interstate RR Ltd., | ) | |
| Defendant | ) | |

**ORDER**

The parties have consented to have this case heard to judgment by a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c), and the District Judge has referred the case to me. Now before the Court is the Plaintiff's motion in limine (Doc. # 57) asking the Court to bar testimony of Dr. Michael Pinzur.

Dr. Pinzur was disclosed by Defendant as a retained testifying medical opinion witness, but he was unable to produce a list of cases in which has testified during the last four years, as required by Fed.R.Civ.P. 26(a)(2)(B), because he does not maintain that information. Plaintiff asserts prejudice and moves to bar his testimony. In addition, Plaintiff asserts that Dr. Pinzur's report was deficient in that it did not identify the records and x-rays he reviewed in reaching his opinions, also in violation of Fed.R.Civ.P. 26(a)(2)(B).

Rule 26 requires a party's retained witness to provide a report that includes specific enumerated information. One category of information is "a list of all other cases in which, during the previous four years, the witness testified as an expert at trial or by deposition." Rule 37(c)(1) provides that failure to provide information required by Rule 26(a) results in exclusion of the evidence unless the failure was justified or is harmless. Neither is the case.

In <u>Williams v. Schram</u>, - F.Supp. 2d  -, No. 06CV00557, 2008 WL 2691887, June 30, 2008

(S.D. Ill.), the Court barred an expert's testimony and his report because the expert did not keep records of the cases in which he had testified. The Court stated that, when counsel learned of that fact, "that fact alone should have stopped defense counsel from retaining [him] as an expert." Such omissions, concluded the Court, make it very difficult for opposing counsel to properly prepare for trial. Id at *3.

Defense counsel knew before Dr. Pinzur was disclosed that he could not meet the requirements of Rule 26, so the failure was not justified. The inability of Plaintiff to challenge Dr. Pinzur, for example, with opinions he has given previously, constitutes prejudice and hence was not harmless.

Plaintiff, however, was not without remedy. Dr. Pinzur was timely disclosed as an expert and timely deposed during the discovery process. At no time did Plaintiff seek the Court's assistance in obtaining this information or in disqualifying Dr. Pinzur during discovery. His eleventh hour effort to exclude Dr. Pinzur's testimony asks too much at too late a date.

Rule 37(c) provides that a failure to provide information required under Rule 26(a) results in exclusion. The Rule, however, goes on to state: "In addition to *or instead of* this sanction, the court, on motion and after giving an opportunity to be heard" may impose other sanctions that are appropriate. In this case, the appropriate sanction is to inform the jury that Dr. Pinzur has failed to provide information about other cases in which he has testified and that the Plaintiff has therefore been limited in obtaining that information. The jury will also be informed that Dr. Pinzur's failure to provide this information may be considered as a factor in weighing his credibility.

The motion in limine is therefore DENIED to the extent it seeks exclusion and GRANTED to the extent that other sanctions are imposed as stated above.

ENTERED ON  May 25, 2010

                            s/ John A. Gorman

                    JOHN A. GORMAN
                    UNITED STATES MAGISTRATE JUDGE