UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Lance Mitchell, | ) | |
|         Plaintiff | ) | |
| | ) | |
| v. | ) | Case No. 07-1351 |
| | ) | |
| Iowa Interstate RR Ltd., | ) | |
|         Defendant | ) | |

**ORDER**

The parties have consented to have this case heard to judgment by a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c), and the District Judge has referred the case to me. Now before the Court is the Plaintiff's motion in limine (Doc. #s. 53), asking the court to bar reference to social security disability benefits. As stated herein, the motion is granted in part and denied in part.

Plaintiff moves to bar reference to evidence or testimony that he receives Social Security Disability payments. In Tipton v. Socony Mobil Oil Co., 375 U.S.34 (1963), the Supreme Court found reversible error in the district court's admission of evidence that the petitioner had received compensation benefits under the Longshoremen's and Harbor Workers' Compensation Act. In the absence of a cautionary instruction to the jury that "evidence of other compensation might be considered only insofar as it revealed what the petitioner and others thought his status to be," the Court found a heightened likelihood of prejudice that the jury considered the benefits as "bearing on a basic fact essential to liability." Id. at 36-37.

In a case decided on the same date as Tipton, the Supreme Court again considered collateral benefits in Eichel v. New York Central Railroad, 375 U.S. 34, 37 (1963). The district court had excluded defendant's evidence that plaintiff was receiving disability pension payments under the Railroad Retirement Act. This evidence was intended to impeach the plaintiff's testimony about his

motive for not returning to work. On appeal, the Second Circuit reversed. The Supreme Court held that the records were not admissible, noting:

> The Railroad Retirement Act is substantially a Social Security Act for employees of common carriers. ... The benefits received under such a system of social legislation are not directly attributable to the contributions of the employer, so they cannot be considered in mitigation of the damages caused by the employer."

Id. at 254, quoting New York, N.H. & H.R.Co. v. Leary, 204 F.2d 461, 468 (1st Cir.), cert denied, 346 U.S. 856 (1953).

The Court went on to find that the records were also inadmissible to the issue of the extent and duration of the disability suffered, soundly rejecting defendant's argument that the receipt of benefits somehow is suggestive of malingering. In addition, the Court noted that "evidence of collateral benefits is readily subject to misuse by a jury." Eichel, 375 U.S. at 255, quoting Tipton v. Socony Mobil Oil Co., 375 U.S. 34, 84 (1963). Because "receipt of collateral social insurance benefits involves a substantial likelihood of prejudicial impact," 375 U.S. at 255, and because that prejudicial impact outweighed the marginal value of the evidence, the District Court's exclusion of evidence of such benefits was upheld as a proper exercise of discretion. Id. See also, In re Air Crash Disaster, 803 F.2d 304, 309 (7th Cir. 1986).

Defendant argues, however, that Eichel has been significantly narrowed by amendments to the Federal Rules of Evidence, as well as distinguished by later cases. In McGrath Consolidated Rail Corp., 136 F.3d 838, 841 (1st Cir. 1998), the First Circuit limited Eichel to the question whether the exclusion of evidence was an abuse of discretion. The case did not, according to the Court, mandate an absolute rule excluding the evidence. In fact, the McGrath Court held that Eichel appeared consistent with Fed.R.Evid. 403 - balancing probative value with prejudice - even though the Rules of Evidence were not in force at the time Eichel was decided.

In Brandt v. Vulcan Inc., 30 F.3d 752, 760 (7th Cir. 1994), the Seventh Circuit noted that, as

general rule in Illinois, evidence of collateral source payments is inadmissible. The trial court had ruled before the plaintiff took the stand that if he testified that he retired under disability, then the employer was entitled to impeach him by showing that he retired under full retirement benefits. Plaintiff did so testify and the court allowed defendant to elicit testimony that he continued to work for 2 years, retiring only when he qualified for full retirement benefits.

On appeal, the Seventh Circuit found that the testimony was relevant for purposes of impeachment, and that the trial court's exercise of discretion under Fed.R.Evid. 403 proper. The <u>Brandt</u> Court distinguished <u>Tipton</u>, where the evidence in question bore on liability issues. The Court also cited <u>Cowens v. Siemens-Elema AB</u>, 837 F.2d 817, 824-25 (8th Cir. 1988), where the court allowed evidence of workers' compensation payments to impeach plaintiff's statements that he had suffered financial stress after the accident.

The import of these cases taken as a whole is that, if the context of the case makes relevant the receipt of collateral benefits, then evidence of those benefits is admissible unless the prejudicial effect outweighs the probative value. A distinction must be made with respect to substantive use of the evidence and use of the evidence solely for impeachment purposes.

In the case now before the Court, the Defendant has explicitly stated that it will use Plaintiff's application for Social Security benefits solely to introduce the admissions made by Plaintiff in that application and that it will redact any reference to disability benefits and the Social Security Administration. The application contains no information about whether benefits were in fact received or dollar amounts by which damages might be reduced. In fact, Defendant affirmatively states that it will not offer the disability application to reduce the amount of Plaintiff's damages. For the moment, this discussion will be limited to the Plaintiff's application for disability benefits.

Defendant states that the entire application is admissible both as substantive evidence and for purposes of impeachment. According to Defendant, it will introduce the application solely for the admissions Plaintiff makes therein. Defendant asserts that the admissions on the application regarding his health are relevant to Plaintiff's claims of injury as well as to the defense that Plaintiff is malingering.

The Court has reviewed the portion of the application submitted by Defendant as Exhibit A to its Response and concludes that none of those statements is substantive evidence of malingering. These statements, prepared by Plaintiff, are not substantive evidence of his health; they are only substantive evidence of what Plaintiff believed his health to be at the time. Plaintiff will certainly be testifying, and his testimony about his claims of injury is available for that substantive purpose.

The same cannot be said, however, about use of the application for purposes of impeachment. Under Fed.R.Evid. 613, these prior statements are admissible for impeachment so long as Plaintiff is given the opportunity to explain or deny them and so long as both parties have the opportunity to question him about them. Here, to the extent that Plaintiff's testimony at trial is inconsistent with the statements he made in his application for disability benefits, the written statements will be admissible to impeach him.

The application documents are Bates numbered 000988 through 000998[1]. Those pages are admissible for impeachment purposes only. If used, the Court will consider a cautionary instruction if necessary to prevent the jury from speculating about disability payments in its consideration of damages.

---

[1] The last page of Exhibit A, entitled "Questionnaire," is not Bates numbered. This document is not signed by anyone. It is not clear to the Court what this document is. Subject to the parties providing further information regarding this document, no ruling is made on its admissibility for any purpose at this time.

Plaintiff's motion to bar evidence of disability payments is broader than simply the application, however, and nowhere in Defendant's response to this motion is any other aspect of the disability payments addressed. The Court therefore concludes that there is no objection to the remainder of Plaintiffs' motion.

Accordingly, the motion [#53] is GRANTED except as to the portion of the disability application discussed in this order.

ENTERED ON May 25, 2010

s/ John A. Gorman

JOHN A. GORMAN
UNITED STATES MAGISTRATE JUDGE