E-FILED
Tuesday, 25 May, 2010  01:39:12 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Lance Mitchell, | ) | |
|         Plaintiff | ) | |
| | ) | |
| v. | ) | Case No. 07-1351 |
| | ) | |
| Iowa Interstate RR Ltd., | ) | |
|         Defendant | ) | |

**ORDER**

The parties have consented to have this case heard to judgment by a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c), and the District Judge has referred the case to me. Now before the Court is Plaintiff's motion in limine (Doc. # 59) to bar evidence of prior worker's compensation claims.

Plaintiff argues that his two prior worker's compensation claims - one for a burn injury and one for a knee condition - are irrelevant to the issue in this case, namely Complex Regional Pain Syndrome and surgical implant of a permanent spinal cord stimulator.

It is clear that the burn is wholly irrelevant, and Defendant makes no effort to argue that those records should come in. They are therefore excluded.

The same is not true about the knee injury. Under FELA, a plaintiff is not entitled to recover damages for a preexisting condition, only for aggravation of that injury. See, Varhol v. Nat'l R.R. Passenger Corp., 909 F.2d 1557, 1564 (7th Cir. 1990).

Plaintiff points out that Defendant's experts can testify about the prior injuries without any testimony about the related worker's compensation claim. Moreover, even Defendant admits that these records are cumulative to the records provided by Plaintiff's treating physicians. Defendant has not explained how the records of the workers' compensation claims might differ in any way

from other records that will be used.

There is no need for the jury to know that there were workers' compensation claims relating to prior knee injuries, and any medical records associated with those claims are either duplicative or cumulative of other records. The motion in limine [#59] is therefore GRANTED. No reference whatsoever to workers' compensation claims may be made.

ENTERED ON May 25, 2010

                        s/ John A. Gorman

                      JOHN A. GORMAN
            UNITED STATES MAGISTRATE JUDGE