**E-FILED**
Tuesday, 25 May, 2010  01:42:02 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Lance Mitchell, | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Case No. 07-1351 |
| | ) | |
| Iowa Interstate RR Ltd., | ) | |
| Defendant | ) | |

**ORDER**

The parties have consented to have this case heard to judgment by a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c), and the District Judge has referred the case to me. Now before the Court are the parties' motions in limine (Doc. # 58), asking the Court to bar hearsay from plaintiff's medical records.

This motion brings up an issue that was raised when the Court attempted to rule on objections that were made during the course of a number of video depositions. These objections were interposed when one physician was asked to opine about medical records that had been prepared by another physician. The Court was unable to rule at that time, because no information was provided in the depositions themselves or in the designations filed by the parties about whether the medical records were admissible. In order for them to be admissible, they would require authentication, and it was not apparent from the transcripts where the records came from or who, if anyone, was available to provide authentication.

This motion goes into more detail. The doctors whose depositions that were taken - of Drs. Buvanendran and Panozza - were treaters of the injury which is the subject of this litigation. They were asked to interpret and comment on medical records that were prepared not with respect to the instant injury but rather in connection to other injuries that pre-dated the instant injury. According

to Plaintiff, the physicians who prepared these records have not been deposed, and no one else has provided authentication for those records.

Defendant responds that Plaintiff himself has listed these same records as evidence in his pretrial disclosures. By doing so, any objection based on authentication or foundation has been waived. I agree. To the extent the motion is based on the objections of foundation or authentication, it is denied.

Without any pertinent authority[1], Plaintiff also contends that, without the preparing physician's testimony, the records themselves constitute hearsay. This is clearly not the case. Fed.R.Evid. 803(4) excepts from the definition of hearsay:

> "[s]tatements made for the purposes of medical diagnosis or treatment and describing medical history, or past or present symptoms, pain, or sensations, or the inception or general character of the cause or external source thereof insofar as reasonably pertinent to diagnosis or treatment."

It is impossible for the Court to rule in a vacuum as to whether a document not before it constitutes hearsay. Cases interpreting rule 803 define the boundaries to the exception. On the record now before the Court, the applicability of those boundaries to a particular medical record cannot be determined, and the Court will not rule at this time.

In addition, many of the records referenced are taken from files provided by Mayo Clinic, OSF Medical Group and Galesburg Hospital, and hence are business records, exempt from the hearsay rule by Fed.R.Evid. 803(6). To the extent that the records contain a reporting of what Plaintiff told his treating physicians, they may also constitute admissions of party opponent, thereby

---

[1]The authorities cited by Plaintiff are all from the Courts of the State of Illinois. State law regarding evidence does not generally control in federal court. Only if a state's evidentiary rule is actually "an expression of state substantive policy" will that Rule be given effect in a diversity. See, Shady Grove Orthopedic Associates v. Allstate Ins. Co., - U.S. -, 130 S.Ct.1431, 1450 (2010). In a federal question case such as the one now before the Court, federal rules of evidence govern always.

falling out of the definition of hearsay altogether. Plaintiff's motion does not address either of these possibilities.

During the depositions of Plaintiff's two treating physicians, they were shown a number of medical records, which are attached to Defendant's Response as Exh. G. An examination of the depositions of these doctors reveals that Plaintiff failed to raise a single hearsay objection to these records. Because the video recording of these depositions will be used at trial in lieu of live testimony, the failure to raise the objection at the time of the deposition is treated exactly as it would be treated if the objection had not been raised at trial. Error does not attach in the absence of a timely objection. Fed.R.Evid. 103(a)(1). The hearsay objections to the medical records in Exh. G were therefore waived.

It is not readily apparent whether there are other medical records that may be impacted by this motion. If a medical record raises an admissibility issue that is not addressed in this Order, the parties are to bring it to the Court's attention at the final pretrial conference for more specific rulings. In all other respects, the motion in limine [#58] is DENIED.

ENTERED ON May 25, 2010

s/ John A. Gorman

JOHN A. GORMAN
UNITED STATES MAGISTRATE JUDGE