E-FILED
Tuesday, 25 May, 2010  03:10:49 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Lance Mitchell, | ) | |
|         Plaintiff | ) | |
| | ) | |
| v. | ) | Case No. 07-1351 |
| | ) | |
| Iowa Interstate RR Ltd., | ) | |
|         Defendant | ) | |

**ORDER**

The parties have consented to have this case heard to judgment by a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c), and the District Judge has referred the case to me. Now before the Court is the Plaintiff's motion in limine (Doc. # 60).

**#60 TO BAR WITNESSES NOT DISCLOSED UNDER RULES 26(a)(1) AND 26(a)(2)(A)**

Defendant's disclosures under Fed.R.Civ.P. 26(a)(1) and (a)(2)(A) were served on April 7, 2008, and July 24, 2009 respectively. On May 2, 2010, Defendant provided its disclosures under Fed.R.Civ.P. 26(a)(3). According to Plaintiff, the 26(a)(3) disclosure lists 5 fact witnesses and 5 medical witnesses not previously disclosed. Plaintiff moves to bar each of these witnesses from testifying at trial.

In addition, 3 witnesses listed had previously been identified by name only; the earlier disclosure did not include a description of the subject matter of their knowledge. Plaintiff moves to limit the testimony of these 3 witnesses to matters of impeachment.

Rule 26(a)(1) requires each party to make initial disclosures, without waiting for a request from the other party, including the name and address of each individual likely to have discoverable information. These disclosures must be made within 14 days after the Rule 26(f) conference unless other provisions are made by stipulation or court order. In this case, the parties agreed in their Rule

26(f) report (doc. #12) that initial disclosures would be exchanged by March 31, 2008.

Rule 26(a)(3) states that, "in addition to" the requirements of Rule 26(a)(1), a party must make pretrial disclosures, including a list of any witness it intends to present at trial. This latter disclosure must be made at least 30 days before trial unless the court orders otherwise.

With respect to the five medical witnesses[1], Defendant responds that they are all doctors with whom Plaintiff has treated over the past few years. Defendant learned of all five of these medical witnesses when Plaintiff produced information about them in discovery. Subsequently, two of them were listed in supplemental disclosures by Defendant.

Plaintiff cites no authority for the proposition that a witness disclosed by one party to the other party must then be disclosed by the receiving party if that party concludes that he has discoverable information. Under these facts, once both parties became aware of a witness with discoverable information, any failure to supplement prior Rule 26(a) disclosures was harmless. As to the medical witnesses, the motion is DENIED.

In Defendant's initial disclosures, a number of its employees[2] were listed; Defendant did not, however disclose the subject matter of their knowledge as is required by Rule 26(a)(1). In response to Plaintiff's later interrogatories, some of these employees were again listed, and their areas of knowledge can be fairly inferred from the context of the interrogatory and answer. For example, Jeff Johnson was identified as Rules & Safety Director in response to a question about whether any employee has knowledge of Plaintiff's violation of any safety rule or regulation. Mick Burkart was identified as the Chief Transportation Officer and as one of the persons who furnished information to answer the interrogatories. The pages cited by Defendant in its interrogatory answers contain no

---

[1] Drs. Wright, Groben, Prentice, Friedman, and Karri.

[2] Joe Moon, Jeff Johnson, Pat Sheldon and Mick Burkart.

reference to Moon or Sheldon. Based on Exhibit C to the Response, Plaintiff at one time issued a Notice of Deposition for Moon, although Defendant states that the deposition was never conducted.

It is apparent that Plaintiff was fully aware of Burkart and Johnson and the general areas of their knowledge. Any failure to supplement the Rule 26(a)(1) disclosures was therefore harmless. While it is clear that Plaintiff was aware of Moon and Sheldon, because they were included in the initial disclosures, not having any information about their areas of knowledge could have proved harmful to Plaintiff's case. Once again, however, Plaintiff waited until the eve of trial to seek the Court's assistance in this very preliminary discovery matter. It is simply too late to impose the remedy sought here, namely the exclusion of their testimony. Two wrongs do not make a right. As to these witnesses, the motion is DENIED.

More problematic is the listing on the pretrial disclosures of Plaintiff's former girlfriend Lisa Owens, and his former "colleagues"[3], Skip Baughman and Joe Torrence, as persons who may be called as witnesses "if the need arises.". These witnesses were not previously disclosed in any way as persons with knowledge under Rule 26(a), and the pretrial disclosures were not served until after the close of discovery.

Initial disclosures must be supplemented "in a timely manner" if the initial disclosures later prove to have been incomplete. Fed.R.Civ.P. 36(e). Supplementation of initial disclosures after the close of discovery (in this case, December 21, 2009) cannot be considered "timely." A party cannot get around the obligations imposed by Rule 26(a)(1) and Rule 26(e) by adding a name to its pretrial disclosure that has not previously been disclosed. Disclosure of these two witnesses over 4 months after the close of discovery would not be "timely" under the Rules.

---

[3]The word "colleagues" is not defined, so the Court does not know if these former co-workers or some other relationship.

Failure to disclose a witness as required by Rule 26(a) is sanctionable. Fed.R.Civ.P. 37(c) provides that if a party fails to disclose or supplement a disclosure, "the party is not allowed to use that information or witness to supply evidence ... at a trial, unless the failure was substantially justified or is harmless." In addition to or instead of excluding the witness's testimony, the court has discretion to impose payment of attorney fees, inform a jury of the failure, or impose other sanctions that might be appropriate under the circumstances. Id.

In this case, the failure to disclose was neither justified nor harmless. I see no other appropriate remedy but to exclude their testimony. Accordingly, the Motion in limine is GRANTED as to Lisa Owens, Skip Baughman and Joe Torrence.

Finally, Plaintiff asks that the Court bar testimony of SSA representatives to authenticate the application documents Plaintiff filed for disability benefits. The Court has already ruled that the application itself is admissible as impeachment evidence. There was nothing in the Defendant's response to that motion that indicated a concern with anything other than the application itself. If the Plaintiff will not concede the authenticity of the application document as approved by the Court in that prior order, then Defendant may call a SSA witness for authentication purposes only. No "attachments" to the application, as referenced vaguely in Defendant's response, have been ruled admissible for any purpose, so this Order is not to be interpreted as allowing an SSA official to authenticate anything other than the application document itself.

As stated herein, the Motion in limine is GRANTED IN PART AND DENIED IN PART.

ENTERED ON May 25, 2010

                              s/ John A. Gorman

                            JOHN A. GORMAN
                  UNITED STATES MAGISTRATE JUDGE