UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Lance Mitchell, | ) | |
|       Plaintiff | ) | |
| | ) | |
| v. | ) | Case No. 07-1351 |
| | ) | |
| Iowa Interstate RR Ltd., | ) | |
|       Defendant | ) | |

**ORDER**

The parties have consented to have this case heard to judgment by a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c), and the District Judge has referred the case to me. Now before the Court is the Defendant's motion in limine (Doc.#66) asking the Court to bar portions of the video depositions of Dr. Gay and Sandroni[1].

According to Defendant[2], Drs. Gay and Sandroni were not disclosed as expert witnesses by Plaintiff. Defendant disclosed these two doctors as experts who would testify "in accordance with their records/reports." That means, Defendant asserts, that Plaintiff's cross examination of the doctors must be limited in scope to the four corners of those records and reports. Because Plaintiff's cross examination went beyond the scope of those records and reports, Defendant asserts that portions of the video-taped cross and re-cross of these witnesses must be excluded.

The specific portions to which Defendant objects are: Exh. C at 66:22-68:14, 73:3-20, 74:7-77:25, 88:17-89:5, and Exh. D at 59:11-60:13, 61:18-20, 80:5-81:2. Each section is examined separately below.

---

[1] Defendant re-raises the issue of whether Plaintiff's designation of testimony was timely, a matter raised in a separate motion in limine, one on which the court has already ruled. The issue is not readdressed in this Order.

[2] Pursuant to an agreement between counsel, all Rule 26 objections in Dr. Gay's deposition were reserved for later ruling. See Response, Exh. C at 62:20 - 64:22.

## DR. GAY

**Exh. C at 66:22-68:14**

This portion of Dr. Gay's deposition deals with an EMG ordered by Dr. Gay. It is inexplicable that Defendant would argue, in light of the broad disclosure it made of Dr. Gay, that this does not fall within a area for Plaintiff's counsel to explore.

**Exh. C at 73:3-20**

This portion of Dr. Gay's deposition deals with questions about a record in his file on which he lists the medications then prescribed for Plaintiff. Prior to the objection, Dr. Gay has identified which ones were for pain. He is then asked if any of them were for sleep aids and for depression, to which the doctor answers affirmatively and identifies the corresponding medication. In response to the question, "[D]o you have any information that [Plaintiff] was taking any of those medications before his work injury on September 5, 2005?", the doctor states, "I have no information as to what he was taking before that." He was then asked if any of the medications have a side effect of drowsiness, to which he replied, "Most of them."

This interchange was clearly derived from records in Dr. Gay's file, but the specific testimony about the purpose and side effects of pharmaceuticals technically goes beyond the Defendant's disclosure. Thus the question is whether this is a proper topic for cross examination.

Dr. Gay is one of the physicians who diagnosed Plaintiff not with CRPS but with chronic pain syndrome. He testified on direct about testing and diagnosis, recommendations for treatment, and prognosis for recovery - which he said was good, unlike the prognosis for CRPS. He was asked about symptom magnification, inconsistencies, and the lack of objective evidence for CRPS. He ruled out certain possible causes for Plaintiff's symptoms. His deposition left a clearly negative impression of Plaintiff and of the diagnosis of CRPS. In light of that impression and in light of the

fact that the questioning was clearly focused on this particular plaintiff and not on the population in general, to have inquired about the medications and side effects was well within the proper bounds of cross examination.

**Exh. C at 74:7-77:25**

The Court has already denied an objection to this portion of the testimony as beyond the scope of disclosure. It is unnecessary to rule again.

**Exh. C at 88:17-89:5**

It is not necessary to consider whether this section should be barred as beyond the scope of disclosure, because the Court has already sustained an objection that the questioning was beyond the scope of direct and re-direct examination.

For the sake of completeness, however, it is apparent that this questioning is well beyond the scope of the Defendant's disclosure as well. The questioning has nothing to do with Dr. Gay's records and reports, nor does it relate to his opinion that Plaintiff suffered from chronic pain syndrome and not CRPS.

## DR. SANDRONI

**Exh. D at 59:11-60:13**

The Court has already sustained an objection to this portion of the testimony as speculative, irrelevant and lacking foundation, and has denied an objection that the questioning was beyond the scope of disclosure. It is unnecessary to rule again.

**Exh. D at 61:18-20**

The Court has already denied the objection that the questions in this portion went beyond the scope of Defendant's disclosure. It is unnecessary to rule again.

**Exh. D at 80:5-81:2**

The Court has already sustained the objection that this questioning was beyond the scope of direct and re-direct examination and denied the objection that it was beyond the scope of disclosure. It is unnecessary to rule again.

## CONCLUSION

This motion in limine [#66] is granted in part and denied in part. So Ordered.

ENTERED ON May 27, 2010

                            s/ John A. Gorman

                          JOHN A. GORMAN
                    UNITED STATES MAGISTRATE JUDGE